o

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LAZARO RODRIGUEZ,                §
                                 §
              Plaintiff,          §
                                 §
vs.                              §
                                 §   CIVIL ACTION NO. H-03-5325
JOHN E. POTTER, UNITED STATES    §
POSTAL SERVICE POSTMASTER        §
GENERAL,                         §
                                 §
              Defendant.          §

MEMORANDUM AND ORDER

Pending are Defendant John E. Potter, United States Postal
Service Postmaster General's Motion to Dismiss, or Alternatively,
for Summary Judgment (Document No. 23) and Plaintiff Lazaro
Rodriguez's Cross-Motion for Summary Judgment (Document No. 25).[1]
After carefully considering the motions, responses, and the
applicable law, the Court concludes that Defendant's motion should
be granted.

I.  Background

Plaintiff Lazaro Rodriguez alleges that his former employer,
Defendant John E. Potter, United States Postal Service Postmaster

_____

[1] Although Plaintiff's Original Complaint identifies Defendant
as "United States Postal Service," it is uncontroverted that John
E. Potter, United States Postal Service Postmaster General is the
proper Defendant to the instant case.

General, deliberately denied him overtime pay in violation of § 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. According to Plaintiff, Defendant "knowingly misclassified Plaintiff as 'exempt' under 29 U.S.C. § 213(a) of the FLSA as part of an intentional subterfuge of the overtime pay provision of the FLSA." Document No. 1 ¶ 13. Plaintiff seeks unpaid wages, liquidated damages, interest, and attorney's fees. Defendant moves to dismiss or for summary judgment based on the statute of limitations. In response Plaintiff argues that his claims are timely and should be equitably tolled. He further moves for summary judgment, asserting that "the summary judgment evidence establishes all elements of Plaintiff's cause of action as a matter of law." Document No. 25, at 3.

## II.   Standard of Review

### A.   Subject Matter Jurisdiction

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. FED R. CIV. P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. *See* Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002).[2] In evaluating a motion

---

[2] Defendant includes with its motion various exhibits. When accompanied by supporting evidence, a Rule 12(b)(1) motion challenging the court's jurisdiction is a factual attack. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). A plaintiff responding to a factual attack on the court's jurisdiction

to dismiss pursuant to Rule 12(b)(1), a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The question of subject matter jurisdiction is for the court to decide even if the question hinges on legal or factual determinations. *See* id.[3]

B.    Summary Judgment

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interroga-

---

generally bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction.  Id.

[3] Questions have arisen whether a federal employee's failure to file within a federal statute of limitations is a *jurisdictional* bar after the Supreme Court's decision in Irwin v. Dep't of Veterans Affairs, 111 S. Ct. 453, 457 (1990) ("[T]he same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States.").  *Compare* Calhoun County, Tex. v. United States, 132 F.3d 1100, 1104 n.1 (5th Cir. 1998)(Irwin did not overrule decisions treating a federal statute of limitations as a condition on the waiver of sovereign immunity--and therefore jurisdictional-- but rather relaxed the maxim requiring strict construction of the waiver in favor of the government), *with* Perez v. United States, 167 F.3d 913, 915-16 (5th Cir. 1999)(by undoing old rule that equitable tolling was never available against the government, Irwin placed the jurisdictional nature of the Federal Tort Claims Act statute of limitations in doubt).  Whether as a matter of subject matter jurisdiction or as an established affirmative defense, however, a failure to file suit within the applicable statute of limitations subjects a plaintiff's claims to dismissal.

tories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted.  See id. at 2553-54.  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  See Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2514-15 (1986)).  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden.  See Anderson, 106 S. Ct. at 2513-14.  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary

4

judgment is proper.  <u>Kelley v. Price-Macemon, Inc.</u>, 992 F.2d 1408,
1413 (5th Cir. 1993) (citing <u>Matsushita</u>, 106 S. Ct. at 1351).  On
the other hand, if "the factfinder could reasonably find in [the
nonmovant's] favor, then summary judgment is improper."  <u>Id.</u>
(citing <u>Anderson</u>, 106 S. Ct. at 2511).  Even if the standards of
Rule 56 are met, a court has discretion to deny a motion for
summary judgment if it believes that "the better course would be to
proceed to a full trial."  <u>Anderson</u>, 106 S. Ct. at 2513.[4]

### III. <u>Discussion</u>

Under the FLSA, an action for unpaid overtime compensation
"shall be forever barred unless commenced within two years after
the cause of action accrued, except that a cause of action arising
out of a willful violation may be commenced within three years
after the cause of action accrued."  29 U.S.C. § 255(a).
Generally, "a cause of action accrues at each regular payday
immediately following the work period during which the services
were rendered for which the wage or overtime compensation is
claimed."  <u>Halferty v. Pulse Drug Co., Inc.</u>, 821 F.2d 261, (5th
Cir. 1987), *modified on reh'g on other grounds*, 862 F.2d 2 (5th
Cir. 1989).  The uncontroverted evidence is that Plaintiff filed

---

[4] Although Defendant also moves to dismiss under Rule 12(b)(6),
some of the materials attached to Defendant's motion could not
necessarily be considered under Rule 12(b)(6).  *See* <u>Causey v.
Sewell Cadillac-Chevrolet, Inc.</u>, 394 F.3d 285, 288 (5th Cir. 2004).

this action almost four years after his final date of employment, December 31, 1999.  *See* Document No 23 ex. A.[5]  Plaintiff, however, pleads that he was "unable to determine [his] true status as a non-exempt employee . . . by the exercise of reasonable diligence" because of Defendant's "intentional[] and repeated[]" misrepresentations about Plaintiff's status, including the withholding of information "regarding the requirements for compliance with the 'salary basis' test set forth in 29 C.F.R. § 541.118."  Document No. 1 ¶ 15.  Not until August 14, 2001, did Defendant issue a letter (the "August 14th letter") explaining that Plaintiff might have been "incorrectly classified as 'exempt' under the [FLSA]," and might "be owed backpay for overtime that [he] may have worked while in the position of EEO Counselor/Investigator. . . ."  Document No. 23 ex. B.

The Fifth Circuit has endorsed "the equitable notion that the statute of limitations ought not begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated."  Alldread v. City of Grenada, 988 F.2d 1425, 1432 (5th Cir. 1993) (internal quotes omitted).  Thus, "[t]he focus is on what event in fairness and logic should have alerted the average layperson to act to protect his rights."  Id. (internal quotes omitted).  In the instant case,

---

[5] For purposes of § 255, Plaintiff's action "commenced" on the date he filed his Original Complaint--November 19, 2003.  *See* 29 U.S.C. § 256; Document No. 1.

there is no evidence that Defendant's alleged misclassification of Plaintiff's status was deliberate, that Plaintiff could not in fact have discovered his true, non-exempt status through the exercise of reasonable diligence, or that his true status would not have been apparent to a reasonably prudent person similarly situated. However, even if Plaintiff's cause of action did not accrue (or the statute of limitations was tolled) until he received Defendant's August 14, 2001, letter, he nonetheless waited for more than two additional years before filing this suit.  Thus the statue of limitations bars his action unless Defendant's alleged violation of the FLSA was willful.  *See* 29 U.S.C. § 255.

"Under the FLSA, a violation is 'willful' if the employer either 'knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute.'"  <u>Singer v. City of Waco, Tex.</u>, 324 F.3d 813, 821 (5th Cir. 2003)(quoting <u>Reich v. Bay, Inc.</u>, 23 F.3d 110, 117 (5th Cir. 1994) (internal quotes omitted)). Plaintiff bears the burden of establishing willfulness.  *See* <u>Adams v. United States</u>, 350 F.3d 1216, 1229 (Fed. Cir. 2003); <u>Bankston v. Illinois</u>, 60 F.3d 1249, 1253 (7th Cir. 1995).  There is no evidence that Defendant knew or showed reckless disregard for whether its classification of Plaintiff as exempt violated the FLSA.  Indeed, all reasonable inferences from the uncontroverted evidence are quite to the contrary. For example, the August 14th letter reveals that the potential misclassification of Plaintiff was discovered

because of *Defendant's* Equal Employment Opportunity Employee Stock Option Plan feasibility study--and that *Defendant* notified Plaintiff of the possible misclassification in an effort "to settle claims quickly and fairly." *See* Document No. 23 ex. B.  Such actions suggest that Defendant's improper exemption decisions, if any, were inadvertent rather than knowing or the result of reckless conduct.  The limitations extension provided for willful violations is therefore inapplicable, and Plaintiff's claims are untimely.

Even so, Plaintiff argues, the statute of limitations should be tolled because Defendant's conduct amounted to a "continuing violation."[6]  The continuing violation theory is not a basis for tolling the statute of limitations but is a rule explaining when a *timely* action permits recovery for other violations falling outside of the limitations period. *See, e.g.*, <u>Alldread</u>, 988 F.2d at 1430; <u>Hendrix v. Yazoo City</u>, 911 F.2d 1102, 1103-04 (5th Cir. 1990).  In other words, the continuing violation theory requires that at least one FLSA violation occur *within* the limitations period, which is not the case here.  *See* <u>id.</u>[7]

---

[6] Plaintiff also argues that limitations should be tolled because Defendant "fraudulently conceal[ed]" Plaintiff's eligibility for overtime.  This argument goes to the issue of willfulness, which has been already addressed above.

[7] The continuing violation theory encompasses two types of cases: (1) cases where the original violation occurred outside the statute of limitations, but is closely related to other violations that are *not* time-barred; and (2) cases where the initial violation is outside the statute of limitations but is repeated later; in these cases each violation begins the limitations period anew, and

In any event, equitable tolling applies only in rare and exceptional circumstances, such as where "'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002) (quoting United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). *See also* Chappell v. Emco Mach. Works Co., 601 F.2d 1295, 1302-03 (5th Cir. 1979)(bases for tolling include (1) pendency of a suit between same parties in wrong forum; (2) plaintiff's unawareness of facts giving rise to claim because defendant intentionally concealed them; and (3) EEOC misled plaintiff about nature of his rights). "[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling." Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002). "The party who invokes equitable tolling bears the burden of proof." *See* Teemac, 298 F.3d 457.

There is no evidence that Defendant affirmatively misled Plaintiff about his rights, or that Plaintiff was prevented in some extraordinary way from asserting them. Plaintiff cites his response to Defendant's August 14th letter (which response

---

a plaintiff may recover for at least those violations that occurred *within* the applicable limitations period. *See* Alldread, 988 F.2d at 1430; Hendrix, 911 F.2d at 1103-04. Assuming the latter theory applies to the instant case, even the most recent violation would have occurred on or about Plaintiff's last day of work and subsequent payday--well outside the applicable limitations period.

contained a "rough and inaccurate estimate" of Plaintiff's unpaid overtime), and his (Plaintiff's) subsequent inquiries years later in December of 2002 and July of 2003, as evidence of his "diligent . . . attempt at a resolution to this case." *See* Document No. 23 exs. C-E; No. 25.  As noted above, however, it is the filing of a complaint that protects Plaintiff's legal rights with respect to the statute of limitations, *see* 29 U.S.C. § 256, and Plaintiff filed no complaint until November 19, 2003.  *See* Document No. 1. Plaintiff has not shown that equitable tolling should apply. Moreover, even if the statute were tolled until October of 2001, when Plaintiff was allegedly to receive (but did not) a settlement offer from Defendant, Plaintiff's Original Complaint would still be time-barred.  *See* Document No. 23 ex. D.  Accordingly, Plaintiff's claims are wholly time-barred and will be dismissed.

## IV.  Order

     Based on the foregoing, it is

     ORDERED that Defendant John E. Potter, United States Postal Service Postmaster General's Motion to Dismiss, or Alternatively, for Summary Judgment (Document No. 23) is GRANTED, and Plaintiff Lazaro Rodriguez's claims are DISMISSED.  It is further

ORDERED that Plaintiff Lazaro Rodriguez's Cross-Motion for Summary Judgment (Document No. 25) is DENIED.

The Clerk will enter this Order and send a copy to all parties of record.

SIGNED at Houston, Texas on this 22nd day of August, 2005.


EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

11